FILED
IN CLERKS OFFICE

2023 JUN 14 PM 1: 00

U.S.
DI...      ...T
...S.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

---

**DR. SHIVA AYYADURAI**

      **Plaintiff,**

v.                                        **CIV. ACTION NO. 1:20-cv-10881-WGY**

**ROBERT F. KENNEDY, JR.,**

      **Defendant.**

---

## PLAINTIFF'S VERIFIED RULE 60(b) MOTION TO VACATE
## ORDER OF DISMISSAL (DE 10) FOR WANT OF PROSECUTION AND
## INCORPORATED MEMORANDUM OF LAW

Plaintiff, pro se, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and

this Court's Local Rule 7.1, respectfully requests and moves that the dismissal order (DE 10) in

this case be vacated or that Plaintiff be granted relief from the dismissal order, pursuant to Rule

60(b)(1) and/or (6), of the Federal Rules of Civil Procedure, as follows:

### BACKGROUND

1. As the Court may recall, the plaintiff, now pro se, had been represented in this case

   by counsel, Timothy M. Cornell, Esq., Cornell Dolan, P.C., who filed a complaint in

   this case on May 8, 2020 (DE 1) seeking damages against the defendant for

   defamation.

2. Plaintiff left the legal handling of this matter entirely in his former counsel's hands.

   Plaintiff was of the understanding that defendant actively evaded service of process

   for a substantial period of time but that plaintiff's former counsel had obtained

service and a default. Plaintiff also understood there would be a trial date set in the

future to determine the amount of money damages.

3. Unbeknownst to plaintiff at the time, his former counsel had not actually secured a

default order, and based on the docket sheet, he apparently stopped working on the

case in late October 2020.

4. Through mistake, inadvertence or gross negligence, former counsel did not keep

plaintiff reasonably advised as to the status of this matter and did not diligently

prosecute this matter. And as a result, plaintiff was completely unaware until May

2, 2023 that this Court issued an order to progress the case (DE 9) last June, much

less that the Court issued a dismissal order for want of prosecution in January of

this year. (DE 10). Former counsel did not advise plaintiff – not just of the

dismissal – but also that the statute of limitations under Massachusetts law would

expire in April 2023 – after which this action could not be refiled in this

jurisdiction.

5. In short, plaintiff's former counsel failed to diligently pursue this case or to keep

plaintiff reasonably apprised of the status of the case. Thus, plaintiff did not know

that the case had been ordered to progress or that it was dismissed until recently.

6. This is a meritorious case, but the statute of limitation has now run in

Massachusetts. Absent the Court allowing relief from the dismissal order, the

plaintiff will have no legal remedy against the defendant.

7. Accordingly, having recently learned the true status of this case, the plaintiff has

now promptly moved to request relief from the aforesaid orders.

8. Plaintiff was and remains ready to proceed, now in pro se, in this matter and prove

the defendant's liability and plaintiff's damages, unless the Court determines a

default is proper against defendant in which case likely only damages would be at issue.

9.  Therefore, plaintiff respectfully requests that the dismissal order be vacated or that he be otherwise granted relief from the dismissal order, so plaintiff may proceed with this case on the merits.

10. This motion is brought within one year of the orders sought to be vacated.

11. No counsel of record has entered an appearance is this matter for defendant, nor has defendant himself appeared, and accordingly a Rule 7.1(a)(2) conference was not possible/practicable on this motion.

## MEMORANDUM OF LAW

12. Rule 60 provides that on motion and just terms, the Court may relieve a party from a final judgment, order, or proceeding for the following reasons applicable to this case: "(1) mistake, inadvertence, surprise, or excusable neglect"; and "(6) any other reason that justifies relief." See Fed. R. Civ. P. 60(b)(1) and (b)(6).

13. A Rule 60 motion under subsection (b)(1) for purposes of this case must be brought within 1 year of the order sought to be vacated.

14. "Although clause (1) of Rule 60(b) mentions neglect, when an attorney's neglect is gross and inexcusable courts have held relief may be justified under Rule 60(b)(6)." Chang v. Smith, 778 F.2d 83, 85-86 (1st Cir. 1985). In accordance with the liberal purpose of Rule 60(b), the gross negligence of plaintiff's former attorney can justify relief from the Order at issue under 60(b)(6). King v. Mordowanec, 46 F.R.D. 474, 477-478 (D.R.I. 1969).

15. <u>King</u> is directly on point and closely analogous on the facts.  In that case, the plaintiffs' case was dismissed due to gross neglect by the plaintiff's counsel, of which the plaintiff was not aware.  <u>Id.</u>  The district court dismissed the action for want of prosecution, but when new counsel got involved a little over a year later and discovered the neglect, a motion to vacate was filed.  Id.

16. In granting that motion to vacate, the <u>King</u> court held that "Rule 60 relief from an order of dismissal should be granted where, as here, plaintiffs are unaware of their attorney's gross neglect in failing to prosecute and where, as here, as soon as new counsel becomes involved, the Rule 60(b)(6) motion is made."  <u>Id.</u> at 480.

17. In this case the same circumstances are presented as in <u>King</u>, other than the plaintiff herein is himself the one acting as the "new counsel" who promptly filed the instant motion.  Plaintiff was not himself at fault for the delay or want of prosecution, so relief is particularly appropriate.  <u>See</u> <u>Alvarez v. Escuela de Medicina</u>, 257 F.3d 58, 67 (1st Cir. 2001) (Rule 60(b)(6) relief requires extraordinary circumstances suggesting the party is faultless in the delay.).  Accordingly, this Court should grant this motion and reinstate the case so it can be decided on its merits.

18. The Court has discretion to determine this motion and may only be reversed based on an abuse of that discretion.  <u>Ojeda-Toro v. Rivera-Mendez</u>, 853 F.2d 25 (1st Cir. 1988).

WHEREFORE, Plaintiff respectfully moves to vacate or for relief from the dismissal order (DE 10) and asks that the case be reinstated, so it may be decided on the merits.

**VERIFICATION**

Pursuant to 28 U.S.C. section 1746, I certify under penalty of perjury that I have read the foregoing document and the facts stated in it are true and correct.


Respectfully submitted,

Shiva Ayyadurai, pro se

701 Concord Avenue

Cambridge, MA 02138

Telephone: 1-857-393-7910

Email: vashiva@cytosolve.com